**Linda Thomas HAMILTON, Appellant,**

v.

**James Stoneman HAMILTON, Appellee.**

No. 18172.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 27, 1979.

Herbert L. Hooks, and Sonja Staron, Dallas, for appellant.

L. A. Nelson, Denton, for appellee.

OPINION

HUGHES, Justice.

This appeal arises from a divorce suit in which a father was named the managing conservator of the three children of the marriage. The only issue under the facts in this case is whether the trial judge was required to interview the two children over the age of twelve at the time of trial.

We affirm.

Trial was to the court. No findings of fact or conclusions of law were requested or filed. Among other grounds, the mother asserted, in her motion for new trial, that she was entitled to same "Because of the failure of the Court to interview two of the children above the age of twelve years after request by Petitioner's (mother's) attorney and before the close of evidence in the case." In support of this contention she cited Tex.Family Code Ann. § 14.07(c) (Supp.1978–79) which provides in part "*Upon the application of any party* and when the issue of managing conservatorship is contested, the court *shall* confer with a child 12 years of age or older . . . ." (Emphasis ours.) She attached to her motion affidavits from the two older children which stated that their preference was to have their mother appointed managing conservator and that they would have expressed this desire to the judge had he interviewed them. It is undisputed that the children had been available for an interview.

A search of the record of the trial reveals nothing that could be construed as an application by any party for the trial judge to interview the two oldest children. At the hearing held on the motion for new trial, mother attempted to establish that the interview had been requested. She argues that the request was made during final arguments, which are not part of the appellate record because they were not taken down by the court reporter. The trial judge stated for the record that he had requested the court reporter to see if a motion to hear the children's testimony was made for the purposes of the record, but nothing was found.

The mother and attorneys for both parties testified as to their recollections of what took place concerning the alleged request. All agreed that during final argument father's attorney suggested, if the court so desired, an interview with the two children that were over twelve. Mother's attorney testified that he responded "we would also ask the Court to interview the children in chambers", but that the judge never ruled specifically on that question. Mother's attorney also testified that prior to the trial he did not make an oral or written motion or application that the court interview the children. Mother testified that father's attorney requested that the judge interview the children and she agreed. Father's attorney testified that he did not recall either party making any application, written or oral, that the court interview the children. He stated he did, in the form of an argument, comment that the court "might want to consider interviewing the children", but that he did not intend this as an application. His recollection was that mother's attorney responded that they would have no disagreement with that. The trial judge overruled the motion for new trial and mother has appealed.

■■ While we agree with mother that the statute is mandatory, it also clearly states there must be an application for an interview by a party to the suit. We hold that this record is devoid of anything that could be construed as an application. Moth-

er argues that even if the parties waived their right to have the children interviewed at the trial, the court should have considered the request and interviewed the children even though the application was allegedly asserted for the first time in a motion for new trial. She reasons that since it is the primary duty of the court to determine the best interest of the children, the court could not have made a proper determination without considering the children's testimony. We disagree.

We hold that a motion for new trial is too late a time to make application for a judge to interview the children and have the interview be mandatory.

Both of mother's points of error have been considered and both are overruled.